UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          Chapter 7

    BRENDA J. STREY                                    BKY 10-51433

               Debtor.

_____

UNITED STATES TRUSTEE'S
APPLICATION TO REOPEN CASE
_____

The United States Trustee, by his undersigned attorney, applies to the court for an order reopening the above entitled case. In furtherance of his application, the U.S. Trustee states as follows:

1. This application is brought under 11 U.S.C. §350(b), Bankruptcy Rule 5010 and Local Rule of Bankruptcy Procedure 5010-1.

2. This case was originally filed as a voluntary chapter 7 on October 15, 2010, and J. Richard Stermer was appointed chapter 7 trustee. As trustee, Mr. Stermer did not find any non-exempt assets to liquidate for the benefit of creditors.

3. The debtor received a discharge of debts on January 19, 2011, and on February 3, 2011, the court closed the bankruptcy case and discharged the trustee from his duties.

4. Subsequent to the administration and closing of this case, it became known that the debtor will be receiving a settlement payment on a personal injury claim. Specifically the claim and settlement consists of a distribution from an action arising from a defective medical device implanted in the debtor. The claim was not listed on the debtor's bankruptcy schedules, and arises from an implant made pre-petition.

5. On information and belief, the settlement distribution to the debtor will exceed any amount the debtor may be able to claim as exempt. The non-exempt funds should be made available for distribution to creditors.

6. As a result of the foregoing, the case needs to be reopened so that the bankruptcy estate can assert its interest in the proceeds from the injury claim. Any recovery from that claim must be administered by the chapter 7 trustee who can then make a distribution to creditors. The bankruptcy estate's interest in any recovered funds constitute property of the estate under 11 U.S.C. §541(a).

7. The United States Trustee requests that the case be reopened so that he can appoint a chapter 7 trustee to administer the proceeds from the claim and distribution, as well as any other funds that constitute property of the bankruptcy estate.

8. Upon reopening of the case, the U.S. Trustee expects to reappoint as trustee Mr. Stermer since he has had prior involvement in the case.

9. Any reopening fees are not required because the U.S. Trustee is bringing the application to reopen. (See Memorandum).

WHEREFORE, the United States Trustee requests that the court enter an order reopening the above entitled case for the purpose of appointing a trustee to administer certain assets and for any other purposes necessary to the administration of the estate.

JAMES L. SNYDER
United States Trustee
Region 12

Dated: August 26, 2019

By: __e/Michael R. Fadlovich_____
Michael R. Fadlovich
Trial Attorney – MN I.D. #158410
300 South Fourth Street Suite 1015
Minneapolis, MN 55415
612/ 334-1353

## VERIFICATION

      I, Michael R. Fadlovich, an attorney for the United States Trustee, do hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

      Date: August 26, 2019

                                                                                          _____s/Michael R. Fadlovich_____
                                                                                               Michael R. Fadlovich

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                   Chapter 7

BRENDA J. STREY                                          BKY 10-51433

                Debtor.

---

UNITED STATES TRUSTEE'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION TO REOPEN CASE

---

      The United States Trustee, by his undersigned attorney, submits this memorandum of law in support of his application to the court for an order reopening the above entitled case. In furtherance of his position, the U.S. Trustee states as follows:

      Applications to reopen cases are allowed under 11 U.S.C. §350(b), Bankruptcy Rule 5010 and Local Rule of Bankruptcy Procedure 5010-1. Local Rule of Bankruptcy Procedure 5010-1(c) provides that requests to the court for the reopening of a case be made by application rather than by motion.

      Local Rule of Bankruptcy Procedure 5010-1 (a) sets forth instances where reopening of a case is unnecessary. Local Rule of Bankruptcy Procedure 5010-1(b) allows for the reopening of a case where the relief requested is not set forth in Local Rule 5010-1(a). The interest of the estate to be administered in this case consists of proceeds from a personal injury claim arising from the implantation of a defective medical device. The debtor's claim and right to payment arose prior to the commencement of the debtor's bankruptcy case. The bankruptcy case needs to be reopened so that a chapter 7 trustee can represent the interests of the bankruptcy estate in that claim.

      The funds constitute property of the estate which must be administered by the trustee for the benefit of all creditors. The administration and distribution of an asset such as this is not listed

in Local Rule 5010-1(a), which allows for matters to be addressed without a formal reopening of the case.  Instead, the present situation falls under Local Rule 5010-1(b) which requires the case to be reopened.

Although Local Rule 5010-1(d) has provisions which allow for the deferral or waiver of the filing fee for reopening the case, that provision is not applicable to the United States Trustee. Fees for reopening a bankruptcy case are set forth in the Judicial Conference Schedule of Fees, applicable to 28 U.S.C. §1930 (Effective December 1, 2016).  Under subparagraph 11 of that fee schedule, the reopening fee for a chapter 7 case is $245.00.  However, that entire fee schedule is prefaced by an exemption for the United States Trustee, insofar as the fee schedule provides: "Federal agencies or programs that are funded from judiciary appropriations . . . should not be charged any fees under this schedule". *Id*.  Accordingly, the U.S. Trustee need not pay the reopening fee.

Upon the reopening of a case, the United States Trustee is authorized to appoint a trustee in order to assure that the interests of creditors are protected.  See Fed. R. Bankr. P. 5010.  In the present case, the United States Trustee has not yet determined whom to appoint.

Based on the circumstances of this case as well as applicable law and procedures, the court should enter an order reopening this case.

JAMES L. SNYDER
United States Trustee
Region 12

Dated: August 26, 2019

By: \_\_\_\_e/Michael R. Fadlovich_____
Michael R. Fadlovich
Trial Attorney   MN I.D. #158410
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
612/334-1356

# CERTIFICATE OF SERVICE

In re:                                                                                Chapter 7

      BRENDA J. STREY                                      BKY 10-51433

                Debtor.

The undersigned hereby certifies under penalty of perjury that she is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on August 26, 2019, she served a copy of the attached: United States Trustee's Application to Reopen Case, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail with postage prepaid in the proper amount.

    **J. Richard Stermer, trustee**
    **Stermer & Sellner, Chtd.**
    **102 Parkway Drive**
    **PO Box 514**
    **Montevideo, MN 56265**

    **Michael C. Bender**
    **Bender and Gustafson, Attorneys**
    **15 E Main Street**
    **P.O, Box 156**
    **Crosby, MN 56441**

**The following address for the debtor was confirmed as accurate as of the date of this application using the U.S. Trustee's Clear database.**

    **Brenda J. Strey**
    **620 River Road**
    **201C**
    **Grand Rapids, MN 55744-3771**

                                                              **By:**    **e/Lilia Serna de Coronado**
                                                                         U.S. Trustee's Office
                                                                            300 South Fourth St., #1015
                                                                             Minneapolis, MN 55415

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    Chapter 7

    BRENDA J. STREY                                   BKY 10-51433

        Debtor.


This matter came before the Court on the *ex parte* application by the United States Trustee for an order reopening the bankruptcy case.

From the application by the United States Trustee, it appears that cause has been shown under Fed. R. Bankr. P. 5010 and 11 U.S.C. §350(b) to reopen the case.

Now therefore, it is hereby ORDERED:

1. That the above entitled case is reopened.

2. If appropriate, the United States Trustee shall appoint a chapter 7 trustee.

3. The trustee, upon qualification, may undertake any and all appropriate proceedings in this case.


                                                                                                             _____
                                                                                                            United States Bankruptcy Judge